UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EMELDA SNYPE, | ) | CASE NO. 5:08 CV 1282 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| FIRST FRANKLIN CORP, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On May 23, 2008, *pro se* plaintiff Emelda Snype filed this diversity action against First Franklin Corp ("First Franklin") and Deutsche Bank National Trust ("Deutsche Bank"). In the complaint, plaintiff alleges that her property is about to be sold at sheriff's sale pursuant to a judgment in foreclosure. She seeks a declaration that the mortgage on the property is void, and an award of monetary damages in the amount of $39,800,000.00.

## Background

Ms. Snype entered into a variable rate mortgage with First Franklin in November 2005, which was secured by the property located at 350 Aberdeen Lane, Aurora, Ohio 44202. Shortly thereafter, Ms. Snype defaulted on the mortgage note, and on April 24, 2006, Deutsche Bank, as Trustee for First Franklin, filed a foreclosure action against Ms. Snype in the Portage County Court of Common Pleas. The Common Pleas Court docket reflects that service on Ms. Snype was perfected on May 1, 2006. *See Deutsche Bank Nat'l*

*Trust Co. v. Snype*, Case No. 2006 CV 451 (Portage Cty Ct. Com. Pl. filed April 24, 2006).[1] Ms. Snype failed to file an answer to the complaint and on June 22, 2006, a Motion for Default Judgment was filed. The motion was granted by the court on the following day.

The property was set for sheriff's sale on December 18, 2006. An Order of Sale was returned on January 2, 2007. Ms. Snype responded on January 18, 2007 with a Motion to Stay the Confirmation of Sale because she had filed bankruptcy. The court granted her Motion and stayed the case during the bankruptcy proceeding.

The stay was lifted on August 13, 2007 for consideration of post judgment matters. The Confirmation of Sale was filed later that month. A writ of possession was issued to the Portage County Sheriff on December 28, 2007. Ms. Snype filed an emergency motion requesting that the court vacate the sale and stay the writ of possession. The Motion was denied. Ms. Snype also filed a Notice of Removal of the action to the United States District Court for the Northern District of Ohio on February 1, 2008, which had the effect of once again staying the action.[2] The District Court remanded the action on February 25, 2008. The case was once again reactivated in the Portage County Court of Common Pleas for consideration of post judgment matters. The writ of possession was issued to the Portage County Sheriff on April 28, 2008.

Ms. Snype has now filed the within action to collaterally attack the foreclosure judgment. She claims the judgment is faulty because Deutsche Bank did not produce a contract

---

[1] Portage County Court of Common Pleas dockets can be viewed at: http://www.co.portage.oh.us/.

[2] *See Deutsche bank Nat'l Trust Co. v. Snype*, Case No. 5:08 CV 263 (N.D. Ohio filed Feb. 1, 2008)(Adams, J.)

of ownership of the mortgage when the case was filed. She claims she was fraudulently led to believe she was required to repay the loan and claims First Franklin had no right to place a lien on the property. She contends that First Franklin breached the contract by bringing an action in Ohio rather than in San Jose, California. Finally, she asserts that Deutsche Bank misrepresented that it was the owner of the promissory note and on that basis was able to obtain a foreclosure judgment. Ms. Snype seeks to have the mortgage declared void, and requests that the defendants be ordered to pay monetary damages.

## Analysis

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). The claims asserted in this action satisfy these criteria.

To the extent that Ms. Snype is attempting to challenge the judgment in the state court foreclosure action, she cannot do so in this court. United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking

what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. *Lavrack v. City of Oak Park*, No. 98-1142, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999); *see Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir.1992).

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998); *see Tropf v. Fidelity National Title Insurance Co.*, 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." *Catz*, 142 F.3d at 293. The Rooker-Feldman doctrine applies when the party losing his case in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself. *Coles v. Granville*, 448 F.3d 853, 857-59 (6th Cir. 2006). Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional challenge to the state law applied in the state action. *Id.*; *Tropf*, 289 F.3d at 937.

In the present action, Ms. Snype directly attacks the state court's decision to permit the sale of her property in execution of the foreclosure judgment. All of the allegations

4

in the complaint concern specific grievances that the law was incorrectly applied to plaintiff's case, and are clearly predicated on her belief that the state court was mistaken in rendering its decisions against her. This court lacks subject matter jurisdiction to conduct a review on such issues or grant the relief as requested. *Feldman*, 460 U.S. at 483-84 n. 16; *Catz*, 142 F.3d at 293.

To the extent that Ms. Snype has filed this action seeking to litigate this matter anew, she is also barred from doing so. A federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state. 28 U.S.C. § 1738; *Dubuc v. Green Oak Township*, 312 F.3d 736, 744 (6th Cir. 2002). Under Ohio law, an existing final judgment or decree is conclusive as to all claims which were or might have been litigated in the first lawsuit. *National Amusement, Inc. v. Springdale*, 53 Ohio St. 3d 60, 62 (1990). The doctrine of *res judicata* requires a plaintiff to present every ground for relief in the first action he files, or forever be barred from asserting it. *Id*. The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The Ohio courts have already determined that Ms. Snype has defaulted on the terms of the mortgage and has issued judgment in favor of Deutsche Bank and First Franklin. This court is bound to give full faith and credit to the decisions of that court.

## Conclusion

For all the foregoing reasons, this action is dismissed. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

**IT IS SO ORDERED**.

Dated: May 28, 2008

                                                  **HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[3] 28 U.S.C. § 1915(a)(3) provides, in pertinent part:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

6